IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. FLECK, LLC, | ) |
|               Plaintiff, | ) |
| v. | ) Case No. 13-CV-298-JED-PJC |
| 1. CROWN FINANCIAL MINISTRIES, INC., | ) |
|               Defendant. | ) |

## COMPLAINT

As the basis for its complaint against Crown Financial Ministries, Inc., Fleck, LLC, pleads as follows:

### Parties, Jurisdiction, and Venue

1. Fleck, LLC ("Fleck") is an Oklahoma limited liability company with its principal place of business in Tulsa, Oklahoma.

2. Upon information and belief, Crown Financial Ministries, Inc. ("CFM") is a Georgia non-profit corporation with its principal place of business in Lawrenceville, Georgia.

3. This Court has jurisdiction over the parties and subject matter of this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq*. In particular, 15 U.S.C. § 1119 provides:

> In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.

{1132741;}

4. Venue is proper under 28 U.S.C. § 1391.

**Factual Background**

5. Fleck adopts and incorporates the allegations in paragraphs 1 through 4 as if fully set forth herein.

6. Fleck owns Crown Speakers Bureau, which specializes in helping meeting planners, corporations, and associations locate, select, and confirm speakers, entertainers, and other talent for their events and meetings. Potential speakers include celebrities, authors, business experts, political leaders, entertainers, trainers, consultants, athletes, and musical groups.

7. Fleck's trademark CROWN was registered on the Principal Register of the U.S. Patent and Trademark Office ("PTO") as U.S. Reg. No. 4,083,054 on January 10, 2012. The mark was registered in Class 41 for "educational and entertainment services, namely, providing motivational and educational speakers" and for "educational and entertainment services, namely, providing motivational and educational speakers in the field of self- and personal improvement." A copy of the registration certificate for Fleck's trademark is attached to this Complaint as Exhibit A.

8. Upon information and belief, CFM teaches biblical financial principles through media programs, church teaching solutions, and products. CFM provides services in multiple states and more than eighty foreign countries.

9. On January 18, 2012, CFM filed an intent-to-use application with the PTO to register the trademark CROWN for the following services in Class 41:

> Educational services, namely, providing seminars, courses, classes, forums, workshops, conferences, symposia, lectures, instruction, and personal coaching

services via telephone and the Internet, all in the fields of Christianity, religion, the Bible, and application of Biblical principles of stewardship to money, finances, personal finances, consumer credit, personal budgeting, personal investing, business, business management, debt management and recovery, career planning, life goals, estate planning, budgeting, investing, economics, children and family, marriage, relationships, life skills and talents, leadership training and development, organizational development, time management, education, career and employment, retirement planning, philanthropy, charitable giving, charitable fundraising, vocational assessment and counseling, individual personality assessment, social issues, and application of Biblical principles of stewardship to all of the foregoing, and distribution of educational materials in connection therewith; educational and entertainment services, namely, a continuing program accessible by radio and a global communications network in the fields of Christianity, religion, the Bible, and application of Biblical principles of stewardship to money, finances, personal finances, consumer credit, personal budgeting, personal investing, business, business management, debt management and recovery, career planning, life goals, estate planning, budgeting, investing, economics, children and family, marriage, relationships, life skills and talents, leadership training and development, organizational development, time management, education, career and employment, retirement planning, philanthropy, charitable giving, charitable fundraising, vocational assessment and counseling, individual personality assessment, and social issues ; online journals, namely, blogs featuring information in the fields of Christianity, religion, the

>Bible, and application of Biblical principles of stewardship to money, finances, personal finances, consumer credit, personal budgeting, personal investing, business, business management, debt management and recovery, career planning, life goals, estate planning, budgeting, investing, economics, children and family, marriage, relationships, life skills and talents, leadership training and development, organizational development, time management, education, career and employment, retirement planning, philanthropy, charitable giving, charitable fundraising, vocational assessment and counseling, individual personality assessment, and social issues; providing vocational guidance and career counseling for educational purposes via a global communications network; career counseling; vocational guidance; providing vocational assessments, individual personality assessments, vocational guidance, and career counseling for educational purposes all via a global communications network; preparing and administering and scoring tests, namely, psychometric testing and analysis of an individual's skills, career abilities and interests, qualifications, and work priorities; publishing of books and electronic publications

The application was assigned Serial No. 85/519,289. A copy of the application for CFM's mark is attached to this Complaint as Exhibit B.

    10.    On May 3, 2012, the PTO issued a non-final office action for CFM's application. The examining attorney refused to register CFM's mark, in part, because of a likelihood of confusion with Fleck's mark. In particular, the examining attorney found that CFM's mark was "identical in sound, appearance, and meaning to [Fleck's] mark" and that CFM's and Fleck's

{1132741;}       4

services were related.  Exhibit C to this Complaint is a copy of the May 3, 2012 office action, without the attachments.

11.     CFM responded to the non-final office action on October 29, 2012.  In its response, CFM argued that there was no likelihood of confusion with Fleck's trademark due to the "differences between the parties' services, marketing conditions, and trade channels."  The PTO rejected CFM's argument in a second non-final office action on November 20, 2012, maintaining and continuing the examining attorney's refusal to register CFM's mark due to a likelihood of confusion with Fleck's mark.  Exhibit D to this Complaint contains copies of the October 29, 2012 response and the November 20, 2012 office action, without the attachments.

12.     On April 13, 2013, CFM sent a letter to Fleck.  After briefly describing CFM's history and its pending trademark application, CFM stated that "[g]iven the significant differences in our organizations' respective services, audiences, and trade channels, we do not believe there is likely to be any confusion between CFM's use of its trademarks and Fleck, LLC's use of its trademark."  However, the letter then asked Fleck to sign the enclosed consent agreement by May 3, 2013, so that "both of our organizations can continue to coexist with our respective trademarks without the need for any legal dispute."  A copy of the April 13, 2013 letter is attached to this Complaint as Exhibit E.

13.     Fleck did not respond to CFM's letter or sign the proposed consent agreement.

14.     On May 10, 2013, CFM's counsel sent an e-mail to Fleck's counsel asking for a scanned copy of the signed consent agreement by May 13, 2013.  Fleck's counsel responded, also by e-mail, that he would not be able to reply until the following week.  A copy of the e-mail exchange between CFM's counsel and Fleck's counsel is attached to this Complaint as Exhibit F.

15. CFM's letter and subsequent e-mail have created a controversy that has harmed, and is continuing to harm, Fleck. CFM has, in its letter to Fleck, cited Fleck's CROWN trademark as a barrier to the registration of CFM's mark and threatened a legal dispute against Fleck unless Fleck executes an agreement consenting to CFM's use of the mark. As a result, Fleck fears that CFM will initiate legal proceedings to cancel Fleck's mark. However, Fleck has no way to know when such a proceeding may be filed or how long it may take to reach a final decision. It is unreasonable to expect Fleck to continue advertising its services under its trademark and developing its brand under such a cloud.

16. In addition, because CFM's trademark has not yet been published or issued by the PTO, Fleck cannot petition the TTAB to oppose or cancel CFM's trademark. Similarly, because CFM does not appear to be using its trademark (based on the intent-to-use application filed with the PTO), Fleck does not have the option of considering a suit for trademark infringement. Fleck's only recourse is to seek declaratory judgment.

## Claim for Declaratory Judgment

17. Fleck adopts and incorporates the allegations in paragraphs 1 through 16 as if fully set forth herein.

18. As demonstrated by the foregoing allegations, an actual controversy exists between Fleck and CFM concerning Fleck's use of its CROWN trademark.

19. Fleck asks the Court to declare that CFM has no lawful basis for cancellation of Fleck's trademark.

## Requested Relief

WHEREFORE, Fleck requests that the Court enter the above-described declaratory judgment and grant it any additional relief that may be warranted.

Respectfully submitted,

By: s/ Gary R. Richardson
Gary L. Richardson, OBA No. 7547
Richardson Richardson Boudreaux Keesling
7447 South Lewis Avenue
Tulsa, OK  74136-6808
Telephone:  (918) 492-7674
Facsimile:  (918) 493-1925
E-mail:  glr@rrbklaw.com

- and -

Frank J. Catalano, OBA No. 14162
John Henry Rule, OBA No. 7824
GABLEGOTWALS
100 West Fifth Street
Tulsa, OK  74103-4217
Telephone:  (918) 595-4800
Facsimile:  (918) 595-4990
E-mail:  iplaw@gablelaw.com

ATTORNEYS FOR PLAINTIFF